```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

| | | |
|---|---|---|
| **COLONY INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION 08-00664-CG-B |
| | : | |
| v. | : | |
| | : | |
| **FRED DOUGLAS COLSTON a/k/a** | : | |
| **FRED THOMAS, JR.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Motions to Dismiss (Docs. 8, 14) filed by Defendants Fred Douglas Colston and Vicki Cash. In both motions, Defendants argue that Colony Insurance Company's complaint seeks a declaration that it is not obligated to indemnify Defendant Vicki Cash for any claims asserted against her by Defendant Fred Douglas Colston as a result of personal injuries he sustained after being hit by a garbage truck owned by Cash. According to Defendants, Defendant Colston has not filed a lawsuit against Defendant Cash; thus, this action is not yet ripe, and should therefore be dismissed. Defendant Cash further asserts improper service[1].

The parties filed on January 27, 2009 their Joint Rule 26(f) Report. (Doc. 27). In their Report, the parties state that on January 16, 2009, Defendant Colston filed suit against Defendant

---

[1] According to Cash, someone other than she signed for the summons and complaint. (Doc. 14)

Cash in the Circuit Court of Mobile County Alabama, *styled*, Fred D. Colston v. Vicki Cash, Circuit Court of Mobile County, CV 2009-900080). In light of the filing of the state court action, Defendants' claim that this case is not yet ripe is now moot. Defendant Cash's claim regarding improper service is likewise moot given that she executed a Waiver of Service on January 7, 2009. (Doc. 26, Ex. 1).

Accordingly, the undersigned recommends that Defendants' Motions to Dismiss be denied as moot.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **29th day of January, 2009.**

                                                    **/s/SONJA F. BIVINS**
                                     **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)©; <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).    The  procedure  for  challenging  the  findings  and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement  of  Objection  to  Magistrate  Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the  party's  arguments  that  the  magistrate  judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>** Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **<u>Transcript  (applicable  where  proceedings  tape  recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                        **/s/SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**